USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YANILZA GONZALEZ, on behalf of herself and all other similarly situated,

                              Plaintiff,

        -v-

PACERS RUNNING, LLC,

                              Defendant.
------------------------------------------------------------------X

23-cv-7808 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

In this putative class action, Yanilza Gonzalez ("Plaintiff") brings claims against Pacers Running, LLC ("Pacers Running") under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; the New York State Civil Rights Law ("NYSCRL"), N.Y. Civil Rights Law § 40 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code § 8-101 *et seq.*  *See* Dkt. No. 1 ("Complaint") ¶ 10.  Defendant Pacers Running moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief or in the alternative for summary judgment, pursuant to Federal Rule of Civil Procedure 56.  Dkt. No. 6.

For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

According to Plaintiff's Complaint, Plaintiff is visually impaired and legally blind, and therefore requires screen-reading software to access website content on her computer.  Dkt. No. 1 ¶ 2.  Plaintiff alleges that Pacers Running maintains the website https://www.runpacers.com

(the "Website"). *Id.* ¶ 4. She avers that Pacers Running has failed to design, construct, maintain, and operate the Website such that it is fully accessible to and independently usable by Plaintiff and other blind or visually impaired persons. *Id.* ¶ 5. Plaintiff alleges that she twice attempted to use the Website to purchase a pair of sneakers, but she was unable to do so due to the absence of accessibility features. *Id.* ¶ 36.

Plaintiff filed the instant suit against Pacers Running on September 1, 2023, claiming that Pacers Running's Website violated the ADA, NYSHRL, NYSCRL, and NYCHRL. *Id.* ¶¶ 53–108. On December 19, 2023, Pacers Running filed this motion to dismiss, or alternatively for summary judgment, contending that Pacers Running does not own or operate the Website, so Pacers Running is not a proper defendant in this action. Dkt. No. 6 at 1–2. The Court ordered Pacers Running to file a Local Rule 56.1 statement detailing the undisputed material facts upon which its motion for summary judgment might be decided, Jan. 30, 2024 Minute Entry, which Pacers Running subsequently did, Dkt. No. 17–18.

Plaintiff sought an extension to respond to Pacers Running's motion, Dkt. No. 19, which the Court granted, Dkt. No. 20. However, Plaintiff instead filed an amended complaint on March 11, 2024 that purported to change the named defendant from Pacers Running to Farley Enterprises, Inc. ("Farley Enterprises"). Dkt. No. 21. On March 12, 2024, the Court struck that filing as procedurally improper, as Plaintiff had not moved for relief under Federal Rule of Civil Procedure 21. Dkt. No. 22. The Court also instructed Plaintiff to file a formal motion under that rule if she wished to substitute Farley Enterprises for Pacers Running as the defendant in this case. *Id.* Plaintiff has not done so. Thus, Pacers Running remains the sole defendant and its motion for dismissal or summary judgment is unopposed.

## DISCUSSION

Defendant moves for dismissal of the Complaint for failure to state a claim, or in the alternative for summary judgment, on the basis that Pacers Running is not a proper defendant in this action. Dkt. No. 7.

Pacers Running is not entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6). "The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (citing *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). "[A]t the motion to dismiss stage, . . . a court must assume the truth of the plaintiff's allegations and avoid resolving factual disputes." *Oakley v. Dolan*, 980 F.3d 279, 284 (2d Cir. 2020). Plaintiff's Complaint alleges that Pacers Running owns and operates the Website. Dkt. No. 1 ¶ 18. In response, Pacers Running flatly denies that allegation. Dkt. No. 7 at 3. Whether Pacers Running owns and operates the Website is therefore "a factual dispute" that cannot be "resolved on a motion to dismiss under Rule 12(b)(6)." *Ray v. Weit*, 708 F. App'x 719, 722 (2d Cir. 2017) (summary order); *see McTyere v. Apple, Inc.*, 663 F. Supp. 3d 247, 256 (W.D.N.Y. 2023); *Gerbasi v. NU Era Towing & Serv., Inc.*, 443 F. Supp. 3d 411, 413 (W.D.N.Y. 2020).

By contrast, "the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists." *Westport Ins. Corp. v. Gionfriddo*, 524 F. Supp. 2d 167, 174 (D. Conn. 2007). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable

3

jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Id.* at 244 (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)) (emphasis in original).

4

Local Rule 56.1 of the Local Rules for the Southern District prescribes the manner and method in which a party is to present undisputed issues of fact to the Court. The moving party must annex to its notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." S.D.N.Y. Loc. Civ. R. 56.1(a). The party opposing the motion for summary judgment is required to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." S.D.N.Y. Loc. Civ. R. 56.1(b). The statements "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." S.D.N.Y. Loc. Civ. R. 56.1(d). Moreover, "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." S.D.N.Y. Loc. Civ. R. 56.1(c); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."); *Colton v. N.Y. Div. of State Pol.*, 2017 WL 5508911, at *2 (N.D.N.Y. Feb. 8, 2017) ("The failure to properly controvert a supported statement of fact by pointing to admissible evidence contravening the movant's evidence results in the movant's statement being deemed admitted."); *Knight v. N.Y.C. Hous. Auth.*, 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007) ("Pursuant to Local Civil Rule 56.1 Defendant's statements are deemed to be admitted where Plaintiff has failed to specifically controvert them with citations to the record.").

In its Rule 56.1 statement, Pacers Running cites to the Declaration of James Christopher Farley III for the following propositions: (1) the Website is not owned or operated by Pacers

Running, Dkt. No. 8 ¶ 3; Dkt. No. 18 at 1; (2) the Website is owned and operated by Farley Enterprises, Dkt. No. 8 ¶ 4; Dkt. No. 18 at 1; (3) Pacers Running and Farley Enterprises are legally separate and distinct entities, Dkt. No. 8 ¶ 5; Dkt. No. 18 at 1; and (4) Farley Enterprises is the sole member of Pacers Running, Dkt. No. 8 ¶ 5; Dkt. No. 18 at 1; *see also SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 2008 WL 4900770 at *3 (S.D.N.Y. Sept. 10, 2008) (finding two companies separate on the basis of submitted declarations); *Morana v. Park Hotels & Resorts, Inc.*, 2021 WL 1164010 at *1 n.1 (S.D.N.Y. Mar. 26, 2021) (same).

To state a claim under Title III of the ADA, a plaintiff must establish that "the defendants own, lease, or operate a place of public accommodation." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d. Cir. 2008). A large number of courts in this district define a "place of public accommodation" as including public-facing websites that are not tethered to a physical location. *See, e.g.*, *Tavarez v. Moo Organic Chocolates*, 623 F. Supp. 3d 365, 367 n.2 (S.D.N.Y. 2022) (collecting cases). Pacers Running does not dispute that proposition in this motion. While Farley Enterprises is the sole member of Pacers Running, Pacers Running does not own or operate the Website; Farley Enterprises does. Dkt. No. 8 ¶ 4; Dkt. No. 18 at 1. Under the ADA, "[a] parent and subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *St. Amour v. Lawrence & Mem'l Corp.*, 2016 WL 4744120, at *3 (D. Conn. Sept. 12, 2016) (quoting *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240–41 (2d Cir. 1995)). Plaintiff has not argued, let alone established, that Pacers Running and Farley Enterprises satisfy this test. *See Innes v. Cnty. of Warren*, 2023 WL 3601237, at *10 n.13 (N.D.N.Y. May 23, 2023). Thus, Pacers Running is

entitled to summary judgment as it is not a "proper defendant[]" for Plaintiff's ADA claim. *Muller v. First Unum Life Ins. Co.*, 23 F. Supp. 2d 231, 236 (N.D.N.Y. 1998).

Plaintiff's NYSHRL, NYSCRL, and NYCHRL claims fare no better. Those statutes permit disability discrimination claims against an "owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee" of any place of public accommodation. *Abadi v. NYU Langone Health Sys.*, 2023 WL 8461654, at *6 (S.D.N.Y. 2023); N.Y.C. Administrative Code § 8-107(4)(1)(a); *Alexander v. Private Protective Servs., Inc.*, 2021 WL 8445829, at *6. However, Plaintiff has neither alleged nor argued that Pacers Running is a franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of the Website. Dkt. No. 1 ¶¶ 56, 72, 89, 100, 110 (alleging only that Pacers Running "owns and operates" the Website). Because there is no genuine issue as to whether the Website is owned or operated by Pacers Running and Plaintiff does not assert any alternative bases for finding Pacers Running liable, the Court grants Pacers Running's motion for summary judgment on Plaintiff's NYSHRL, NYSCRL, and NYCHRL claims.

## CONCLUSION

The motion for summary judgment is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice. The Clerk of Court is respectfully directed to close Dkt. Nos. 6 and 18, and to close this case.

SO ORDERED.

Dated: April 8, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge